UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  - against -

KEITH BERMAN,
DECISION DIAGNOSTICS CORP.

        Defendants.

ECF Case

No. 20 Civ. 10658 (LAP)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


# THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE AND FOR A STAY OF DISCOVERY

 

DANIEL S. KAHN
Acting Chief, Fraud Section,
Criminal Division, United States
Department of Justice
Attorney for the United States of America

Christopher Fenton
Trial Attorney
Justin Weitz
Principal Deputy Chief

   *- Of Counsel -*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................ 1

**FACTUAL BACKGROUND** .................................................................................................... 2

**PROCEDURAL POSTURE** ...................................................................................................... 3

**ARGUMENT** ............................................................................................................................... 3

    I.    THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE .... 3

    II.    A STAY OF DISCOVERY IS APPROPRIATE ............................................................. 5

        A.    Applicable Law ............................................................................................................ 5

        B.    Discussion .................................................................................................................... 5

           1.    The Extent of Overlap ......................................................................................... 5

           2.    Status of the Criminal Case ................................................................................. 6

           3.    The Interests of the Plaintiff and the Defendant ................................................. 7

           4.    The Public Interest ............................................................................................... 7

           5.    The Interests of the Court .................................................................................... 9

**CONCLUSION** ......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**CASES**      **Pages (s)**

*Bd. of Governors of the Federal Reserve System* v. *Pharaon*,
   140 F.R.D. 634 (S.D.N.Y. 1991)...........................................................................................8

*Bureerong* v. *Uvawas*,
   167 F.R.D. 83 (C.D. Cal. 1996) .............................................................................................4

*Campbell* v. *Eastland*,
   307 F.2d 478 (5th Cir. 1962).................................................................................................8

*In re Par Pharm, Inc. Sec. Litig.*,
   133 F.R.D. 12 (S.D.N.Y. 1990)............................................................................................6

*Kashi* v. *Gratsos*,
   790 F.2d 1050 (2d Cir. 1986)...............................................................................................5

*Landis* v. *N. Am. Co.*,
   299 U.S. 248 (1936) .............................................................................................................5

*Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*,
   676 F.3d 83 (2d Cir. 2012)...................................................................................................5

*Philip Morris Inc. v. Heinrich*,
   No. 95 Civ. 328 (LMM), 1996 WL 363156 (S.D.N.Y. June 28, 1996) ................................8

*SEC* v. *Beacon Hill Asset Management LLC*,
   No. 02 Civ. 8855 (LAK), 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003).................................8

*SEC v. Carroll*,
   No. 19 Civ. 7199 (AT), 2020 WL 1272287 (S.D.N.Y. Mar. 17, 2020).................................6

*SEC* v. *Chakrapani*,
   Nos. 09 Civ. 325 (RJS), 09 Civ. 1043 (RJS), 2010 WL 2605819 (S.D.N.Y. June 29, 2010).........8

*SEC* v. *Chestman*,
   861 F.2d 49 (2d Cir. 1988)...................................................................................................4

*SEC* v. *Contorinis*,
   No. 09 Civ. 1043 (RJS), 2012 WL 512626 (S.D.N.Y. Feb. 3, 2012) ...................................9

*SEC* v. *Credit Bancorp.*,
   297 F.3d 127 (2d Cir. 2002).................................................................................................4

*SEC v. El-Khouri,*
  No. 19 CIV. 9744 (LAP), 2021 WL 601652 (S.D.N.Y. Jan. 26, 2021)..............................1, 5

*SEC* v. *Nicholas*,
  569 F. Supp. 2d 1065 (C.D. Cal. 2008) ........................................................................... 7

*SEC v. Shkreli*,
  No. 15 Civ. 7175 (KAM), 2016 WL 1122029 (E.D.N.Y. Mar. 22, 2016).....................4, 6

*Trustees of Plumbers and Pipefitters Nat=l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*,
  886 F. Supp. 1134 (S.D.N.Y. 1995) ............................................................................... 6

*Twenty First Century Corp.* v. *LaBianca*,
  801 F. Supp. 1007 (E.D.N.Y 1992) ................................................................................ 4

*United States* v. *Percevault*,
  490 F.2d 126 (2d Cir. 1974) ............................................................................................ 7

*Volmar Distrib., Inc.* v. *New York Post Co., Inc.*,
  152 F.R.D. 36 (S.D.N.Y. 1993) ....................................................................................5, 6

**OTHER AUTHORITIES**

Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*,
  129 F.R.D. 201, 203 (S.D.N.Y. 1989)) ........................................................................... 6

**PRELIMINARY STATEMENT**

The United States of America, by and through the Acting Chief of the Fraud Section, Criminal Division of the United States Department of Justice ("the Government"), respectfully submits this memorandum of law in support of its application: (i) to intervene in the above-captioned case (the "Civil Action"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay all discovery in this case until the conclusion of the parallel criminal case, *United States* v. *Keith Berman*, 20-cr-00278-TNM (D.D.C.) (the "Criminal Case"). The defendants, through counsel, consent to the Government's request for a stay. The Securities and Exchange Commission ("SEC") has informed the Government that it takes no position on the request for a stay.

Courts in this district frequently stay civil discovery when there is a parallel criminal prosecution. Here, the parallel Criminal Case arises from the same set of facts and circumstances that underlie this action. As a result, a stay is especially appropriate because any exchange of discovery would be asymmetrical and would allow the defendant to circumvent the criminal discovery rules and improperly tailor his defense in the Criminal Case.

In similar situations, courts in this Circuit and others have often entered a stay of parallel civil actions when there is a related criminal prosecution with overlapping defendants and facts, including, most recently, this Court in a similarly situated set of parallel cases. *See SEC v. El- Khouri,* No. 19 CIV. 9744 (LAP), 2021 WL 601652 (S.D.N.Y. Jan. 26, 2021).

In light of the same set of facts underlying the parallel Criminal Case, the complications that civil discovery would cause in that Criminal Case, and the consent of the defendants, the Government respectfully requests that the Court stay discovery in this matter.

## FACTUAL BACKGROUND

This case, and the parallel Criminal Case, arise out of the same underlying events. The facts set forth below are described in greater detail in the indictment that was returned in the Criminal Case (the "Indictment"), and are also described in greater detail in the SEC's complaint in this matter. In summary, defendant Keith Berman is the sole officer and director of Decision Diagnostics Corp., which is a publicly-traded company whose stock trades over-the-counter. Beginning in or around March 2020, Berman allegedly perpetrated a scheme to defraud investors by falsely claiming that the company had developed a 15-second test to detect COVID-19 in a finger prick sample of blood. In truth, the defendant knew his test was merely an idea and not a validated method of accurately detecting COVID-19, much less an actual product for manufacture and sale. He allegedly lied to investors as because he needed a "new story" to "raise money," some of which he misused for his own personal benefit.

The Indictment further alleges that defendant Berman lied to the SEC under oath about the fact that he was not a member of investorshub.com when, in truth, he was using an alias on the website to lull investors and threaten and intimidate possible whistleblowers.

## PROCEDURAL POSTURE

A grand jury sitting in the District of Columbia returned the Indictment against Berman in this matter on December 15, 2020. The Indictment was unsealed on December 17, 2020, after Berman was taken into custody. The Indictment charges Berman with securities fraud (Count 1) and making a false statement to the SEC (Count 2). Trial is scheduled to begin on July 12, 2021. The Civil Action was commenced on December 17, 2020. Defendants' time to move to dismiss, answer, or otherwise respond to the complaint has been adjourned *sine die* and discovery has not yet begun.

**ARGUMENT**

The Government's motion to intervene and for a stay of discovery in the Civil Action should be granted. If discovery were to proceed at this time in the Civil Action, there would be a risk of significant interference with the Criminal Case. The requested stay, however, would not prejudice any of the parties to the Civil Action, which is confirmed by the fact that plaintiff does not object to the relief requested by the Government and the defendants affirmatively consent. Moreover, the requested stay would prevent the circumvention of important limitations on criminal discovery, and would preserve the Court's resources because many of the issues presented by the Civil Action will be resolved in the Criminal Case.

### I. THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests ….'"

Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect this civil proceeding would have on the Criminal Case, the identity of claims and facts between the parallel actions, and that intervention will not unduly delay or prejudice the parties, who do not object to the Government's motion and, in the case of the defendants, affirmatively consent.

As a general rule, courts "have allowed the government to intervene in civil actions—

3

especially when the government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "'discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter.'" *SEC v. Shkreli*, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (quoting *SEC* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)).

Intervention is warranted in this case because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in the Civil Action, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties. … Clearly neither the plaintiff nor the defendants have this identical interest."). Moreover, discovery and a trial in this action in advance of a criminal trial could impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law. The Civil Action and the Criminal Case arise from the same alleged scheme to defraud investors by falsely claiming that the company had developed a 15-second test to detect COVID-19 in a finger prick sample of blood. Holding a civil trial before the criminal proceedings would create the possibility that there will be two trials covering the same fraudulent acts. This raises the probability that witnesses will be unnecessarily burdened by having to testify twice. The Government therefore respectfully submits that its motion to intervene should be granted.

## II.  A STAY OF DISCOVERY IS APPROPRIATE

### A. Applicable Law

This Court has the inherent power to stay discovery in the interests of justice pending the completion of a parallel criminal case. *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)).

When considering whether to grant a stay, courts balance the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest. *El-Khouri*, 2021 WL 601652, at *2; *see also Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Id.*

### B. Discussion

Application of these factors here overwhelmingly weighs in favor of the Government's requested stay, to which no party objects.

#### 1. The Extent of Overlap

That the criminal and civil cases involve nearly identical facts and issues weighs heavily in

5

favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)).

Here, a review and comparison of the Indictment and the SEC's complaint shows that the alleged wrongdoing is essentially the same. The Indictment and the SEC's complaint describe the same alleged scheme to defraud investors by falsely claiming that the company had developed a 15-second test to detect COVID-19 in a finger prick sample of blood. As a result, this factor weighs heavily in favor of a stay.

### 2. *Status of the Criminal Case*

The return of an indictment in the criminal case is also a factor that weighs in favor of a stay. *See, e.g., SEC v. Carroll*, No. 19 Civ. 7199 (AT), 2020 WL 1272287, at *4 (S.D.N.Y. Mar. 17, 2020) (citing *Shkreli*, 2016 WL 1122029, at *5 ("[T]he strongest argument for granting a stay is where a party is under criminal indictment.")); *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."); *Trustees of Plumbers and Pipefitters Nat=l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved."). Here, an indictment has been returned against the defendant and the trial in the criminal case is scheduled to begin on July 12, 2021. Thus, this factor also weighs in favor of a stay.

### 3. The Interests of the Plaintiff and the Defendants

No prejudice to the parties will result from the requested stay. The SEC does not oppose the requested stay and the defendants affirmatively consent. In addition, as there are not currently any discovery deadlines or a trial date in place in the Civil Action, there will be no undue delay in the proceedings as a result of the requested stay.

### 4. The Public Interest

Rule 16 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3500 provide that in criminal cases, the statements of Government witnesses shall not be the subject of discovery "until said witness has testified on direct examination" at trial. Thus, in the Criminal Case, the defendant would not be statutorily entitled to such statements until trial.[1]

The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery – restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses. *See United States* v. *Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States* v. *McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (the criminal rules were "purposefully limited

---

[1] Consistent with its discovery obligations and a criminal defendant's right to due process, the Government intends to produce statements covered under the Jencks Act and Rule 16 prior to the witness's actual trial testimony.

7

so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

Courts in this district have repeatedly endorsed limitations on civil discovery in recognition of the fact that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise apply in criminal discovery to a criminal defendant. *See SEC* v. *Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in granting government's motion to stay, court noted: "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); *Philip Morris Inc.* v. *Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules."); *Bd. of Governors of the Federal Reserve System* v. *Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.'") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)). Indeed, the rationale underlying a stay is even stronger in an indicted matter, given that a defendant in a charged criminal case will likely invoke his Fifth Amendment rights in the civil case and not participate in the very discovery process he seeks to use affirmatively. *See, e.g., SEC* v. *Chakrapani*, Nos. 09 Civ. 325 (RJS), 09 Civ. 1043 (RJS), 2010 WL 2605819 (S.D.N.Y. June 29, 2010) (inviting the Government to renew its motion to stay discovery if the defendant intends to invoke the Fifth Amendment if noticed for a deposition).

Therefore, in order to avoid circumvention of the criminal discovery restrictions, including the provisions that are designed to prevent defendants from tailoring their testimony and intimidating witnesses, and because the defendant will not in any way be prejudiced, this factor weighs in favor of the Government's application.

### 5. The Interests of the Court

Considerations of judicial economy also weigh in favor of granting a stay. Courts have a strong interest in the efficient resolution of both the criminal and civil cases. Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action. *See, e.g., SEC* v. *Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding"). Because the outcome of the Criminal Case could directly affect the conduct, scope, and result of the civil proceeding, this factor favors the Government's application.

\*          \*          \*

As set forth above, the Government has requested a stay of discovery in this action; the defendant consents to the stay; the plaintiff does not object to the stay; there is considerable overlap between the parallel proceedings; charges have been filed in the Criminal Case and the trial is scheduled to begin on July 12, 2021, there is no prejudice to the parties from the requested stay; there is a strong public interest in preventing the civil discovery rules from being used to improperly obtain discovery in the criminal case; and judicial economy is ensured by the requested stay. Therefore, the balance of factors overwhelmingly favors a stay of discovery.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that its unopposed application to intervene and for a stay of this proceeding be granted in its entirety. The Government is prepared to submit updates to the Court on the status of the Criminal Case on an annual or biannual basis, or on any schedule the Court directs, in order for the Court to assess whether the requested stay remains appropriate.

Dated: New York, New York
March 1, 2021

                                          Respectfully submitted,

                                        DANIEL S. KAHN
                                        Acting Chief, Fraud Section
                                        Criminal Division

By:          /s/
                                        CHRISTOPHER FENTON
                                        Trial Attorney
                                        JUSTIN WEITZ
                                        Principal Deputy Chief
                                        United States Department of Justice
                                        1400 New York Ave. NW
                                        Washington, DC 20005
                                        (202) 320-0539/(202) 598-8084