UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff<br><br>          -against-<br><br>KEITH BERMAN and<br>DECISION DIAGNOSTICS CORP.,<br><br>                    Defendants. | 20 Civ. 10658 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is the motion of the United States of America (the "Government"),[1] on consent of Defendants Keith Berman and Decision Diagnostics Corp. ("DECN" or "Company"), seeking to (i) intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) stay all discovery in this case until the conclusion of Mr. Berman's parallel criminal case, <u>United States v. Keith Berman</u>, 20-cr-00278-TNM (D.D.C.) (the "Criminal Case").[2]  Plaintiff, the Securities and Exchange Commission ("SEC"), takes no position on the Government's motions to intervene and for a stay.

    For the reasons stated below, the Government's motion is GRANTED.

---

[1] (<u>See</u> Notice of Motion, dated Mar. 1, 2021 [dkt. no. 16]; Memorandum of Law in Support of Application to Intervene and for a Stay of Discovery ("Mot."), dated Mar. 1, 2021 [dkt. no. 17].)
[2] The instant case is referred to herein as the "Civil Action."

I.   Background

As set out in the Complaint, the SEC alleges that Mr. Berman and DECN made materially false and misleading public statements about the Company's purported development of a technology that could accurately test for Coronavirus and provide results in less than a minute.  (Compl., dated Dec. 17, 2020 [dkt. no. 1], ¶¶ 1-4.)  Specifically, the Complaint alleges that DECN and Berman's fraudulent statements led to surges in the price and trading volume of DECN.  (See id.)  The Complaint also alleges that the Defendants directly or indirectly violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  (See id.)

In a parallel criminal proceeding, a grand jury indicted Mr. Berman in the United States District Court for the District of Columbia on December 15, 2020.  (Mot. at 2.)  The Superseding Indictment alleges the same scheme set out in the Complaint and charges Mr. Berman with securities fraud and the making of a false statement to the SEC.  (Id.; see generally Superseding Indictment, dated May 11, 2021 [dkt. no. 19 in United States v. Keith Berman, 20-cr-00278-TNM (D.D.C.)].)

Legal Standard

  a. Intervention

Under Rule 24(a) of the Federal Rules of Civil Procedure, a party may intervene as of right in an action when he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Rule 24(b) alternatively permits permissive intervention when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Permissive intervention under Rule 24(b) is committed to the broad discretion of the Court. See AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005) (recognizing "the broad discretion of the district court when considering permissive intervention"); H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986) ("The district court's discretion under Rule 24(b)(2) is very broad."). In exercising its discretion, the Court is required by rule to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); see also Calderon v. Clearview AI, Inc., 2020 WL 2792979, at *7 (S.D.N.Y. May 29, 2020) ("[T]he court's primary consideration is whether intervention will unduly

3

delay or prejudice the adjudication of the rights of the parties whose lawsuits are being 'invaded.'").

    b. Stay of Discovery

A court may stay a case where the interests of justice so require. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). "While staying a civil case is an extraordinary remedy, courts will not hesitate to grant a stay when the interests of justice seem to require it." SEC v. Carroll, No. 19 CIV. 7199 (AT), 2020 WL 1272287, at *2 (S.D.N.Y. Mar. 17, 2020) (quoting SEC v. LaGuardia, 435 F. Supp. 3d 616, 621 (S.D.N.Y. 2020).

In determining whether a civil case should be stayed pending resolution of a criminal matter, courts have considered the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012). The party seeking the stay bears the burden as to each of these factors. Id. at 97.

4

II.   Discussion

    a. Intervention

The Government contends that its application satisfies Rule 24(a)'s standards for intervention as of right and, alternatively, for permissive intervention under Rule 24(b). (Mot. at 3-4.) The Defendants have consented to the Government's intervention, and the SEC takes no position on the Government's ability to intervene.

"In order to intervene under Rule 24(a)(2) an applicant must (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected." United States v. New York, 820 F.2d 554, 556 (2d Cir. 1987).

The Court finds that the Government has met the criteria to intervene as of right under Rule 24(a)(2). As to (1), the Court finds that the motion, filed less than three months after the Defendants were served with the complaint, is timely. Defendants' time to respond to the complaint has been adjourned sine die, and discovery has not yet commenced. As to (2), "the government has 'a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter.'" SEC v. Shkreli, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (quoting SEC v. Chestman, 861 F.2d 49, 50 (2d Cir.

5

1988)).  As to (3), the Government has shown that, absent a stay, the civil case could impair or impede the Government's ability to protect its interests "in limiting the defendants to the discovery available under the Federal Rules of Criminal Procedure."  Id. The Civil Action and the Criminal Case arise from the same alleged scheme to defraud investors.  Holding a civil trial before the Criminal Case would raise the probability that there will be two parallel proceedings covering the same fraudulent acts, as well as presenting the specter that witnesses will have to testify twice. As to (4), the parties to this civil litigation do not represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes.  See Bureerong v. Uvawas, 167 F.R.D. 83, 86 (C.D. Cal. 1996).

Alternatively, the Court finds that the Government's motion has met the requirements for permissive intervention under Rule 24(b) in light of the questions of law and fact that are common to the civil and criminal cases against Mr. Berman.  See Fed. R. Civ. P. 24(b)(2).  "It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact."  SEC v. Downe, No. 92 CIV. 4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) (citing Chestman, 861 F.2d at 50). Moreover, the Court finds that intervention would not "prejudice

the adjudication of the original parties' rights," see Fed. R. Civ. P. 24(b)(3), given that Mr. Berman has consented to, and the SEC does not oppose, the Government's motion.  Intervention thus is permissible under Fed. R. Civ. P. 24.  See Carroll, 2020 WL 1272287, at *2 ("Given the overlapping issues in the civil and criminal cases, and the lack of opposition by the parties, the Court concludes intervention is appropriate.").

Accordingly, the Court grants the branch of the Government's motion seeking intervention in this action.

    b. Stay of Discovery

Per the factors identified in Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012), the Court finds that a stay of discovery also is appropriate.

First, there is substantial overlap here with the matters in the Criminal Case, as both cases arise from the exact same alleged scheme to defraud investors by allegedly falsely claiming DECN had developed a break-through test to detect COVID-19.  Because "[t]he strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter," this factor weighs strongly in favor of granting the Government's requested stay. Volmar Distribs., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Second, Mr. Berman has been indicted, and the trial in the Criminal Case is scheduled to begin on July 12, 2021, a fact that

supports a stay. See Carroll, 2020 WL 1272287, at *4 (citing Shkreli, 2016 WL 1122029, at *5 ("[T]he strongest argument for granting a stay is where a party is under criminal indictment."); In re Par Pharm, Inc. Sec. Litig., 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment.")).

Third, although the SEC has an interest in proceeding expeditiously in this civil case, the SEC has not objected to the requested stay, and no prejudice will result from the requested stay.

Fourth, given that Mr. Berman and DECN consent to the Government's motion, the Court finds that the private interests of Defendants weigh in favor of granting the stay.

Fifth, a stay of discovery would promote the Court's interest in judicial efficiency because the outcome of the Criminal Case could directly affect the scope and result of the civil proceeding. See SEC v. Contorinis, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *3 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding.").

8

Sixth, the Court finds that the the public's "weighty public interest in the prosecution of the criminal matter" weighs in favor of granting a stay, especially in light of the "risks [to] the integrity of the criminal proceedings" by allowing discovery in this action before the conclusion of the criminal case. See Carroll, 2020 WL 1272287, at *5.

Accordingly, the Government's request for a stay of all discovery in this civil case against Mr. Berman is granted until the conclusion of Mr. Berman's Criminal Case.

III. Conclusion

For the reasons stated above, the Government's motion to intervene (dkt. no. 16) is GRANTED, and its motion to stay discovery in this case as to Mr. Berman and DECN (dkt. no. 16) is GRANTED.

The Clerk of Court shall stay this action as to Defendants Keith Berman and DECN.  The Government shall notify the Court by letter no later than August 2, 2021 as to the status of Mr. Berman's criminal case and shall provide an update by letter every 120 days thereafter.  The Government further shall notify the Court promptly when Mr. Berman's criminal case is resolved.

**SO ORDERED.**

Dated:    New York, New York
          June 8, 2021

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge

9