

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

December 1, 2025

**BY ECF**

The Honorable Jennifer H. Rearden
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re: *SEC v. Keith Berman, et. al.,* **No. 1:20-cv-10658 (JHR)**

Dear Judge Rearden:

      On November 20, 2025, the Court ordered the parties to file a letter addressing the current stay in this action and proposing next steps in this case. (Dkt. No. 44.) Accordingly, Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter updating the Court as to the status of the litigation, recommending the stay be lifted, and proposing the Court set a date for the Defendants to answer the Complaint.

      As discussed in section IV below, counsel for the SEC was unable to file a joint letter with Defendants Keith Berman ("Berman") and Decision Diagnostics Corp. ("DECN") (collectively "Defendants") as their counsel of record may not represent the Defendants any longer.

      I.      <u>Relevant Procedural History of this Case</u>

      On December 17, 2020, the SEC filed its Complaint against the Defendants alleging they made materially false and misleading public statements about DECN's purported COVID-19 blood testing kits in violation of the federal securities laws (the "SEC Case"). (Dkt. No. 1.) Two attorneys appeared on behalf of the Defendants – Ronald S. Herzog and Walter P. Loughlin. (Dkt. Nos. 12, 13.) On January 5, 2021, Mr. Herzog executed a waiver of the service of summons and complaint on behalf of the Defendants. (Dkt. No. 11.) The Defendants' answer was due February 26, 2021. (*Id*.)

      On February 12, 2021, Defendants moved for an extension of time to file an answer or otherwise responsive pleading based on the parallel criminal action, which is based on the same transactions and occurrences as the SEC Case. (Dkt. No. 14.) The

Court granted that request the same day and adjourned the Defendants' time to respond or answer the Complaint *sine die*. (Dkt. No. 15.)

  II.  The Parallel Criminal Case and the Stay

  On December 15, 2020, a federal grand jury in the District of Columbia returned a two-count indictment against Berman, and on May 11, 2021 a grand jury returned a four-count superseding indictment. *See United States v. Keith Berman*, 20-cr-00278-TNM (D.D.C.) (the "Criminal Case"). On March 1, 2021, the Department of Justice ("DOJ") moved to intervene and stay the SEC's Case. (Dkt. Nos. 16, 17.) On June 8, 2021, the Court granted the motion to intervene and stay and ordered the Government to provide updates on the criminal case every 120 days. (Dkt. No. 18.)

  On December 7, 2023, Berman pleaded guilty to three counts in the superseding indictment, and on April 12, 2024, the United States District Court for the District of Columbia (the "Criminal Court") sentenced Berman to a term of 84 months. (Dkt. Nos. 36, 38.) Berman contested the restitution amounts in the Criminal Case, but on May 16, 2025, the Criminal Court issued an Order requiring Berman to pay $613,286.08. (Dkt. No. 42.) On July 25, 2025, the Court of Appeals for the D.C. Circuit affirmed Berman's sentence, and Berman did not petition for *en banc* review or a writ of certiorari appeared to issue. (Dkt. No. 44.)

  On November 19, 2025, the DOJ notified the Court that "the government no longer views the pendency of the criminal matter as a basis for the stay of the matter before this Court." (Dkt. No. 43.)

  III.  The Stay Should Be Lifted

  The SEC requests that the current stay in this case be lifted. As the DOJ has reported to the Court, the pendency of the Criminal Case is no longer a basis for the stay. (*Id.*) There was no other reason for the imposition of the stay. Also, the SEC still has further relief it may seek to have the Court impose against the Defendants.

  IV.  Proposed Next Steps

  The Court should now set a time for the Defendants to answer or otherwise respond to the Complaint. There are, however, issues the undersigned believes the Court should be aware of in moving this case forward.

  First, Defendants have two attorneys of record – Messrs. Loughlin and Herzog. Mr. Loughlin regrettably passed away in November 2024. Mr. Herzog – based on email exchanges with the undersigned – has retired from the practice of law. One of Mr. Herzog's former colleagues at Goldberg Segalla LLP reached out to the undersigned and indicated that Mr. Herzog would be filing something with the Court in the next seven to ten days to formerly seek to withdraw from this matter.

  Second, as for Berman, he is currently incarcerated in FMC Fort Worth. It is unclear if he intends to retain new counsel or proceed *pro se*. Of course, DECN, as a

corporate defendant would not be able to proceed *pro se*. *See, e.g., Carlone v. Lion & the Bull Films, Inc.*, 861 F. Supp. 2d 312, 318 (S.D.N.Y. 2012) ("[a] corporation may not appear *pro se*, but must retain counsel to avoid default").

Given these circumstances, the SEC proposes the Court order the Defendants to answer or otherwise respond to the Complaint within 60 days. Additionally, the Court should order DECN to retain counsel during that time as it cannot proceed *pro se*. Counsel for the SEC will make efforts to serve any such order on Berman at the federal facility mentioned above.

The SEC is available to answer any further questions the Court may have.

Sincerely yours,

/s/ James M. Carlson

James M. Carlson
Supervisory Trial Counsel
U.S. Securities and Exchange Commission
100 F St. NE
Washington, DC 20549
Tel: (202) 551-3711
CarlsonJa@sec.gov