

**DIVISION OF
ENFORCEMENT**

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

July 13, 2026

**BY ECF**

The Honorable Jennifer H. Rearden
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

       Re: *SEC v. Keith Berman, et. al.,* **No. 1:20-cv-10658 (JHR)**

Dear Judge Rearden:

      Plaintiff Securities and Exchange Commission ("SEC") respectfully notifies the Court of its intent to file a Motion for Default Judgment as to both Defendants – or provide a status report to the Court – within 60 days. Prior to filing the motion, the undersigned must obtain internal approval from the full Commission as to the remedies it should seek against the Defendants. This procedure can take some time, but we will act diligently to obtain the approvals and request the remaining relief from the Court as soon as possible. To assist the Court, we provide the following procedural summary.

**I.**       **Relevant Procedural History of this Case since December 2025**

       **A.**       **The Complaint, Stay, and Lifting of the Stay in This Case**

      Plaintiff SEC filed its Complaint on December 17, 2020. (Dkt. No. 1.) On June 8, 2021, the Court stayed this case pending resolution of Defendant Keith Berman's ("Berman") parallel criminal case, *United States v. Keith Berman*, 20-cr-00278-TNM (D.D.C.). (Dkt. No. 18.) On November 19, 2025, following Berman's guilty plea and sentencing, the United States Department of Justice notified the Court that "the government no longer views the pendency of the criminal matter as a basis for the stay of the matter before this Court." (Dkt. No. 43.) Accordingly, on December 1, 2025, the SEC requested that the stay be lifted. (Dkt. No. 47.) On December 22, 2025, the Court granted the SEC's request. (Dkt. No. 48.)

      In the same Order, the Court ordered both Berman and Defendant Decision Diagnostics ("DECN") (collectively "Defendants") to answer the Complaint by February

20, 2026.  (Dkt. No. 48 at 3.)  The Court also ordered the Defendants to inform the Court whether Mr. Berman would be proceeding *pro se* and whether counsel had been secured for DECN.  (*Id.*)  The Court noted that DECN's failure to secure counsel may result in a default judgment being entered against it.  (*Id.*)

Then, Berman sought and obtained extensions to the Court's order.  The Court received a letter from him on February 10, 2026, requesting an extension until April 6, 2026 to secure new counsel and until May 6, 2026 to respond to the Complaint.  (Dkt. No. 49 at 1.)

On February 20, 2026, the Court extended the time for Berman to answer the Complaint until May 6, 2026.  (Dkt. No. 49 at 2.)  In the same Order, the Court ordered Berman or his new counsel to file a letter by April 6, 2026, informing the Court whether new counsel had been retained or if Berman intended to proceed *pro se*.  (*Id.* at 1-2.)

> **B.      The Defendants Have Not Answered or Otherwise Responded to the Complaint, Resulting in Certificates of Default Being Entered**

To date, Defendants have not answered or otherwise responded to the Complaint. On June 2, 2026, the SEC sought Clerk's Certificates of Default as to both Defendants. (Dkt. Nos. 58-61-1.)  The next day, on June 3, 2026, the SEC mailed Mr. Berman copies of Dkt. Nos. 58-61-1 via United Parcel Service, Inc. ("UPS").  Also on June 3, 2026, the Clerk issued Clerk's Certificates of Default against both Berman and Decision Diagnostics.  (Dkt. Nos. 62-63.)

## II.      Mr. Berman's Recent Letter Fails to Answer the Court's Requests

The SEC received Mr. Berman's May 1, 2026 letter only after it was posted via ECF on June 2, 2026.  (Dkt. No. 57.)  While it is not entirely clear what Berman is requesting from the Court, it is certain that Berman still has not answered the Complaint, now more than two months past the extended deadline he requested.  This Court affords *pro se* litigants certain latitude, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006), but that status "does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Id.* (citation omitted).

Barring further rulings or instruction from the Court, the SEC intends to file its Motion for Default Judgment against Defendants and Memorandum of Law in Support pursuant to Federal Rule of Civil Procedure 55(b) within 60 days or provide a status report to the Court as to the filing. The SEC is available to participate in a status conference about this case at the Court's convenience.

Respectfully,

/s/ *Kristen M. Warden*
Kristen M. Warden
Attorney for Plaintiff
U.S. Securities and Exchange Commission

100 F Street, N.E.
Washington, DC 20594
Phone: (202) 256-7941 / Wardenk@sec.gov

Cc: Keith M. Berman (via UPS mail)
FMC Ft. Worth
P.O. Box 15330
Register # 22728-509
Fort Worth, Texas, 76119
United States

Decision Diagnostics Corp. (via UPS mail)
2660 Townsgate Road
Suite 300
Westlake Village, CA 91361
United States