UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,                    20 Civ. 10658 (JHR)

            -v.-                                            ORDER

KEITH BERMAN et al.,

                              Defendants.

JENNIFER H. REARDEN, District Judge:

On February 10, 2026, the Court received a letter from Defendant Keith Berman, postmarked January 20, 2026, stating that his "ability to communicate with potential counsel . . . [wa]s severely restricted by reason of [his] imprisonment" and requesting that "[his] time to secure new personal counsel or failing that, [to] inform the court that [he] will be proceeding pro se, be extended until April 6, 2026." ECF No. 49, Attachment A. The letter also requested that Defendant Berman's time to respond to the Complaint be extended to May 6, 2026. *Id.* On February 20, 2026, the Court granted Defendant Berman's application. *See* ECF No. 49.

Defendant Berman subsequently sent another letter to the Court, bearing a date of May 1, 2026 and a return address of Federal Medical Center Fort Worth in Fort Worth, Texas, where the Court understands Defendant is currently incarcerated.[1] *See* ECF No. 57. The Court received the letter 31 days later, on June 1, 2026. The letter was entered on ECF on June 2, 2026. Therein Defendant Berman states that he "ha[s] not received a reply to [his] previous letter," nor "any communication from the court."[2] *Id.* He asserts that "[i]t is very difficult to gain any

---

[1] Defendant Berman's letter states that he "expect[ed] to receive an early release in the next 45 days [from May 1, 2026]." ECF No. 57. The Court has not received any notification of Defendant Berman's release.

[2] Due to the unexpected withdrawal of Defendants' counsel and a subsequent error in the Clerk's Office mailing processes, the Court's Orders on December 22, 2025, February 20, 2026, and

momentum in retaining counsel when [he] [is] only allowed 15 minutes to connect and talk on the phone," but that "[n]onetheless . . . [he] [is] working on retaining counsel." *Id.* Defendant Berman also represents that he "ha[s] no documentation for this case," and that he "will have to gain the documentation and the court record thus far." *Id.* He then requests that the Court "provide [him] with [the Court's] ruling, if any" and that, "[o]nce received [he] will work diligently to prepare for the proceedings for [him]self and [his] company beginning with the hiring [of] counsel." *Id.*

On June 2, 2026, Plaintiff requested certificates of default as to Defendant Berman and Defendant Decision Diagnostics Corp., *see* ECF Nos. 58-61, which were issued on June 3, 2026, *see* ECF Nos. 62-63.  On July 13, 2026, Plaintiff filed a notice of "its intent to file a Motion for Default Judgment as to both Defendants – or provide a status report to the Court – within 60 days." ECF No. 65 (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (noting that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law")).

"'It is well established that default judgments are disfavored' and that the Second Circuit has expressed a 'clear preference . . . for cases to be adjudicated on the merits.'" *Roldan v. Manny's SB Constr., Inc.*, No. 25 Civ. 9396 (JGLC), 2026 WL 1510218, at *1 (S.D.N.Y. May 29, 2026) (quoting *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001)).  In view of Defendant Berman's "apparent efforts to retain new counsel" for both himself and for Defendant Decision Diagnostics Corp., as well as his "repeated efforts to inform the court of [his] difficulties in [doing so]," *Pecarsky*, 249 F.3d at 172 (vacating a default judgment), the certificates of default at ECF Nos. 62-63 are hereby vacated.  The deadline for Defendant

---

February 27, 2026 were not mailed to Defendants until May 27, 2026.  *See* ECF Nos. 48-50; mailing entry dated May 27, 2026.

Berman to obtain new counsel or inform the Court that he intends to proceed *pro se* is extended *nunc pro tunc* to **August 19, 2026**. The deadline for Defendant Decision Diagnostics Corp. to secure representation by a licensed attorney is extended *nunc pro tunc* to **August 19, 2026**. Defendants' respective deadlines to respond to the Complaint are extended *nunc pro tunc* to **September 18, 2026**.

The Clerk of Court is directed to vacate the certificates of default at ECF Nos. 62-63 and to modify the docket to reflect that Defendant Berman is proceeding *pro se* and is located at the following address:

FMC Fort Worth
PO Box 15330
Register #22728-509
Fort Worth, TX 76119

The Clerk of Court is further directed to mail this Order, as well as the Orders at ECF Nos. 48-50, to Defendant Berman at the address above and to Defendant Decision Diagnostics Corp. at 2660 Townsgate Road, Suite 300, Westlake Village, CA 91361.

SO ORDERED.

Dated: July 20, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge